**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>　　　　　**Plaintiff,**<br><br>**vs.**<br><br>**MATTHEW BISHOP**<br><br>　　　　　**Defendant.** | **CASE NUMBER: 3:16CR065-003**<br>**USM Number: 16552-027**<br><br><br>**FRED R HAINS**<br>**DEFENDANT'S ATTORNEY** |

**JUDGMENT IN A CRIMINAL CASE**

**THE DEFENDANT** pleaded guilty to count 2 of the Superseding Indictment on September 27, 2016.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Ended | Count Number(s) |
|---|---|---|
| 18:922(u) THEFT FROM A LICENSED FIREARMS DEALER and 18:2 AIDING AND ABETTING | June 21, 2016 | 2 |

The defendant is sentenced as provided in pages 2 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count 3 of the Superseding Indictment is dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

February 9, 2017
Date of Imposition of Judgment

s/ Jon E. DeGuilio
Signature of Judge

Jon E. DeGuilio, United States District Judge
Name and Title of Judge

February 9, 2017
Date

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **27 months.**

The Court makes the following recommendations to the Bureau of Prisons: That the Bureau of Prisons designate as the place of the defendant's confinement, if such placement is consistent with the defendant's security classification as determined by the Bureau of Prisons, a facility where he may receive substance abuse evaluation and counseling as deemed necessary; anger management evaluation and counseling as deemed necessary; and that the defendant be placed in a facility as close as possible to his family in South Bend, Indiana, to facilitate regular family visitation.

The Court leaves it to the BOP to calculate any credit for time served.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

    Defendant delivered _____ to _____ at _____, with a certified copy of this judgment.

                                                 _____
                                                 UNITED STATES MARSHAL

                                       By: _____
                                          DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years.**

## CONDITIONS OF SUPERVISION

1. The defendant shall not commit another federal, state, or local crime.

2. The defendant shall not unlawfully possess a controlled substance.

3. The defendant shall not unlawfully use any controlled substance, including marijuana, and shall submit to one drug test within 15 days of the beginning of supervision and at least 2 periodic tests after that for use of a controlled substance.

4. The defendant shall cooperate with the probation officer with respect to the collection of DNA.

5. The defendant shall report to the probation officer in the manner and as frequently as the court or the probation officer directs, and shall notify the probation officer within 48 hours of any change in residence, employer, position or location of employment and within 72 hours of being arrested or questioned by a police officer.

6. The defendant shall not knowingly travel outside the district without the permission of the probation officer, who shall grant such permission unless the travel would hinder the defendant's rehabilitation or present a public safety risk.

7. The defendant shall answer truthfully any inquiry by the probation office pertaining to the defendant's supervision and conditions of supervision, and shall follow the instruction of the probation officer pertaining to the defendant's supervision and conditions of supervision. This condition does not prevent the defendant from invoking the Fifth Amendment privilege against self-incrimination.

8. The defendant shall permit a probation officer to meet the defendant at home or any other reasonable location and shall permit confiscation of any contraband the probation officer observes in plain view. The probation officer shall not conduct such a visit between the hours of 11:00 p.m. and 7:00 a.m. without specific reason to believe a visit during those hours would reveal information or contraband that wouldn't be revealed through a visit during regular hours.

9. The defendant shall not meet, communicate, or otherwise interact with persons whom defendant knows to be engaged or planning to be engaged in criminal activity.

10. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon (meaning an instrument designed to be used as a weapon and capable of causing death or serious bodily harm).

11. Unless an assessment at the time of release from imprisonment or commencement of probation indicates participation to be unnecessary, the defendant shall participate in a substance abuse treatment program or aftercare program. The court will receive notification of such assessment.  The defendant shall abide by all treatment program requirements and restrictions, consistent with the conditions of the treatment provider. The defendant will be

required to participate in drug and /or alcohol testing, not to exceed 85 drug and/or alcohol tests per year.  Upon the request of the defendant, treatment provider, or probation, the court may revise those conditions. While under supervision, the defendant shall not consume alcoholic beverages. The defendant shall pay all or a part of the costs for participation in the program, not to exceed the sliding fee scale as established by the Department of Health and Human Services and adopted by this court. Failure to pay these costs will not be grounds for revocation unless the failure is willful.

12. It is further ordered that the defendant shall pay restitution to the United States District Court Clerk's Office, South Bend, Indiana, which shall be due immediately, to be disbursed to the following victims, Kodiak Firing Range in the amount of $24,779.48, and Auto-Owners Insurance in the amount of $3,750.98.  The defendant shall commence restitution payments in the manner and schedule as determined by the Court.  The imposed payment schedule will remain in effect until such time as the Court is notified by the defendant, victim, or government that there has been a material change in the defendant's ability to pay.  Restitution shall be paid at a minimum rate of $50.00 per month commencing 60 days after placement on supervision until said amount is paid in full. Failure to pay according to this condition shall not be grounds for imprisonment unless the failure is willful.

Within 72 hours of defendant's release from prison, the probation officer is to meet with and remind the defendant of the conditions of his supervision and also to consider whether to recommend to the Court any modifications of or additions to those conditions in light of any changes in the defendant's circumstances since the sentencing hearing.  Consistent with *United States v. Siegel* (7th Cir. May 29, 2014), the Court also directs the Probation Office to notify the Court within 30 days of defendant's placement on supervision so that it may consider any appropriate modifications to the defendant's supervised release and schedule a hearing on that topic, if necessary.  The defendant may also request a modification of these conditions at any time by filing a written motion with the Court.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| **Total Assessment** | **Total Fine** | **Total Restitution** |
|---|---|---|
| $100.00 | NONE | $28,530.46 |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of $28,530.46 is hereby imposed.

The defendant shall make restitution payments (including community restitution, if applicable) payable to Clerk, U.S. District Court, 102 Robert A. Grant Courthouse, 204 South Main Street, South Bend, IN 46601, for the following payees in the amounts listed below.

Payment should be made to Kodiak Firing Range & Training Facility in full <u>before</u> restitution is paid to Auto-Owners Insurance.

The Court notes that the amount due to Kodiak Firing Range may be reduced by the fair market value of certain recovered and/or damaged firearms once they are appraised. Additionally, some of the restitution owing to Kodiak may be reassigned to its insurer, should its insurer approve an outstanding insurance claim. If either of these events occur, the Government should file a motion to modify the terms of restitution accordingly.

| **Name of Payee** | **Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| Kodiak Firing Range | 24,779.48 | 24,779.48 | |
| Auto-Owners Ins. | 3,750.98 | 3,750.98 | |
| **Totals** | **$28,530.46** | **$28,530.46** | |

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   Lump sum payment of $28,530.46 due immediately, balance due, in accordance with B below;

B   Payment in equal monthly installments of not less than $50.00, to commence 60 days after the defendant's placement on supervision;

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant may also make payments for his financial obligations imposed herein from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program, although participation in that program is voluntary. The defendant should note that failure to participate in the Financial Responsibility Program while incarcerated may result in the denial of certain privileges to which he might otherwise be entitled while imprisoned, and that the Bureau of Prisons has the discretion to make such a determination.  Any portion of the defendant's financial obligations not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

If at any time this defendant's restitution payments combine with restitution made on these claims by any other person amount to an aggregate sum of $28,530.46, this Defendant shall have no further obligation to make restitution under this order.

## JOINT AND SEVERAL

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Defendant Matthew Bishop, 3:16-CR-065(3)
Co-Defendant Brian Keith Jennings, Jr., 3:16-CR-065(1)
Co-Defendant Ddrea Bostic, 3:16-CR-065(2)

Total amount $28,530.46

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Name: <u>MATTHEW BISHOP</u>
Docket No.: <u>3:16CR065-003</u>

# ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____   _____
Defendant                                                                             Date


_____   _____
U.S. Probation Officer/Designated Witness                       Date